## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SANDRA T. MOHR,
             Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,
             Agency.

DOCKET NUMBER
PH-0714-18-0400-X-1

DATE: May 17, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Laura Reznick, Esquire, Garden City, New York, for the appellant.

Melissa Lolotai, Esquire, Washington, D.C., for the appellant.

Paul P. Kranick, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1      In a May 29, 2020 compliance initial decision, the administrative judge found the agency in noncompliance with a November 2018 settlement agreement that had been entered into record for enforcement in the underlying appeal. *Mohr v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-18-0400-C-1, Compliance File (CF), Tab 13, Compliance Initial Decision (CID); *Mohr v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-18-0400-I-1, Initial Appeal File (IAF), Tab 18, Initial Decision (ID).  For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2      In November 2018, the parties entered into a settlement agreement resolving the appellant's appeal, MSPB Docket No. PH-0714-18-0400-I-1.  The agreement provided, in relevant part, that the agency would place in the appellant's Official Personnel Folder (OPF) a Standard Form 50 reflecting that she had resigned and a neutral reference stating the dates of her employment, length of service, and salary. *Id.* at 5.  In a November 26, 2018 initial decision that became the final decision of the Board after neither party petitioned for administrative review, the administrative judge dismissed the appeal as settled and entered the settlement agreement into the record for purposes of enforcement. ID at 1-2.

¶3      On November 8, 2019, the appellant filed a petition for enforcement alleging that the agency breached the settlement agreement by failing to provide a neutral reference to a prospective employer.  CF, Tab 1.  In the compliance initial decision, the administrative judge agreed, finding that the agency materially breached the neutral reference provision of the settlement agreement when an agency supervisor informed a prospective employer that he would never hire the appellant back.  CID at 3, 5-6.  Accordingly, the administrative judge granted the

appellant's petition for enforcement and ordered the agency to comply with its obligations under the settlement agreement—specifically, to place the neutral reference indicating the appellant's dates of employment, length of service, and salary, in her OPF and to ensure that all future job references pertaining to the appellant do not contain any negative information about her employment.[3]  CID at 8.

¶4      The administrative judge informed the agency that, if it decided to take the actions ordered in the compliance initial decision, it must submit to the Clerk of the Board a narrative statement and evidence establishing compliance.  CID at 9. In addition, he informed both parties that they could file a petition for review of the compliance initial decision if they disagreed with the findings therein.  CID at 9-10.  Neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114.  As such, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance.  *Mohr v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-18-0400-X-1, Compliance Referral File (CRF), Tab 1.

¶5      On July 7, 2020, the Board issued an acknowledgment order directing the agency to submit evidence showing that it had complied with all actions identified in the compliance initial decision.  CRF, Tab 1 at 3.  In response, the agency stated that it intended to fully comply with the Board's orders and submitted evidence reflecting that a neutral reference letter containing the

---

[3] The administrative judge informed the appellant that, as the non-breaching party, she could elect to have the settlement agreement rescinded and the appeal reinstated in lieu of enforcement by filing a request for reinstatement no later than 30 calendar days after the initial decision became final.  CID at 8-9.  The appellant did not elect to rescind the settlement agreement and reinstate the appeal.  Accordingly, she is deemed to have elected enforcement of the settlement agreement.

information specified in the settlement agreement had been placed in the appellant's OPF. CRF, Tab 2 at 4-6, 12. In addition, the agency provided a declaration under penalty of perjury from a Strategic Business Partner in the Human Resources Management Service attesting that supervisors and employees are routinely informed of their "continuing obligation" to refer employment inquiries by prospective employers regarding former employees to human resources. *Id.* at 13-14. The agency provided copies of July 10 and 17, 2020 emails from the Strategic Business Partner to facility supervisors instructing them to confer with a labor relations specialist or human resources prior to responding to reference requests and to direct all inquiries regarding former employees to the Chief of Human Resources. *Id.* at 15-16. Finally, the agency provided a declaration under penalty of perjury from the supervisor found to have improperly provided a negative reference to the appellant's prospective employer, in which he states, among other things, that he has been counseled on the requirements of the settlement agreement and that he "will refrain from providing any information to anyone with respect to the Appellant's prior employment." *Id.* at 17.

¶6      In an August 10, 2020 response to the agency's statement and evidence of compliance, the appellant argues that she "is not satisfied because the damage has already been done" and that the agency "has not taken satisfactory steps to ensure that another breach will not happen." CRF, Tab 5 at 4. She also argues that she believes the agency's breach was willful and discriminatory and notes that she intends to file a motion to recover attorney's fees. *Id.* at 5.

¶7      A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id.* When the appellant alleges noncompliance with a settlement agreement, the agency must produce relevant material evidence of its compliance with the agreement or show that there was good cause for noncompliance. *Id.*

The ultimate burden, however, remains with the appellant to prove breach by a preponderance of the evidence. *Id.*

¶8    As described above, in the compliance initial decision, the administrative judge found that the agency materially breached the settlement agreement by providing negative information to a prospective employer. CID at 5-7. Accordingly, the administrative judge ordered the agency to comply with its neutral reference obligations under the settlement agreement and to ensure that future job references pertaining to the appellant do not contain any negative information about her employment. *Id.* at 8. The agency's submissions show that it has now reached full compliance with this obligation. CRF, Tab 2. In particular, as set forth above, the agency provided evidence establishing that it has placed in the appellant's OPF the neutral reference letter stating only her dates of employment, length of service, and salary. *Id.* at 12-13. In addition, the agency's evidence reflects that that supervisors and employees are being routinely notified of their obligation to refer any prospective employer inquiries regarding former employees to human resources and that the appellant's former supervisor has specifically been counseled not to provide any information about the appellant to anyone and to refer all inquiries to human resources. *Id.* at 13-17.

¶9    The appellant's arguments in response to the agency's compliance submission provide no basis to find that the agency has not satisfied its compliance obligations. CRF, Tab 5. First, we find no merit to the appellant's cursory assertion that the steps the agency has taken are insufficient to ensure another breach will not occur. Second, in light of the fact that the appellant elected to enforce compliance with the settlement agreement rather than rescind it, her arguments that the "damage has already been done" and that the agency's actions were willful and discriminatory are misplaced. The appellant had the option to rescind the settlement agreement and reinstate her appeal, as well as to petition for review of the compliance initial decision, but did not do so. Accordingly, this proceeding is limited to whether the agency has demonstrated

that it has complied with the actions identified in the compliance initial decision. Lastly, the appellant's assertion that she incurred attorney fees and litigation costs as a result of the agency's breach are likewise misplaced in this compliance proceeding and, as the administrative judge correctly informed her, must be brought in a separate proceeding.[4]  CID at 8.

¶10      In light of the foregoing, we find that the agency is now in compliance and dismiss the appellant's petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

---

[4] On September 4, 2020, the appellant filed a petition for attorney fees and litigation costs related to her petition for enforcement.  *Mohr v. Department of Veterans Affairs*, MSPB Docket No. PH-0714-18-0400-A-1, Attorney Fee File (AFF), Tab 1.  In a November 9, 2020 initial decision, the administrative judge denied the request as untimely filed without good cause shown.  AFF, Tab 9, Initial Decision.  The attorney fee initial decision became the final decision of the Board on December 14, 2020, after neither party filed a petition for administrative review.  *Id.* at 5.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                _____
                                Jennifer Everling
                                Acting Clerk of the Board

Washington, D.C.